**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MILTON R. SEARCY,**

       **Plaintiff Pro Se,**

  **vs.**                                        **6:10-CV-1294 (NAM)**

**MICHAEL J. ASTRUE,**
**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**
_____

**APPEARANCES:**                            **OF COUNSEL:**

Milton R. Searcy, Pro Se
Rome, New York

Social Security Administration          Elizabeth D. Rothstein,
Office of Regional General Counsel     Special Assistant United States Attorney
Region II
26 Federal Plaza - Room 3904
New York, New York 10278

**Norman A. Mordue, Chief U.S. District Judge**

## MEMORANDUM DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff pro se Milton R. Searcy filed this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).  Plaintiff seeks review of the decision by the Commissioner of Social Security (the "Commissioner"), defendant, to deny plaintiff's application for retirement insurance benefits under the Social Security Act.  Presently before the Court is a motion by the Commissioner to remand this action for further administrative proceedings pursuant to 42 U.S.C. § 405.

On August 7, 2009, plaintiff filed a claim for retirement insurance benefits. Administrative Record, p.9 ("R. 9"). On September 25, 2009, plaintiff's claim was denied on the ground that he did not have enough "work credits"[1] to meet the insured status requirements. R. 9. On November 9, 2009, the Commissioner denied plaintiff's request for reconsideration. R.9. On November 10, 2009, plaintiff requested a hearing before an administrative law judge ("ALJ"). R. 9.

On March 17, 2010, ALJ John M. Lischak issued an order finding that, under the doctrine of res judicata, the Commissioner's previous consideration and denial of plaintiff's application for disability insurance and supplemental security income benefits barred review of plaintiff's application for retirement insurance benefits. R. 9. The ALJ explained:

> The undersigned has compared the evidence considered in reaching the previous decision with that relating to the claimant's current claim. Based on this comparison, the undersigned finds that no new and material evidence has been submitted and that there has been no change in statute, regulation, ruling or legal precedent concerning the facts and issues ruled upon in connection with the previously adjudicated period.

R. 10. Consequently, the ALJ dismissed plaintiff's request for a hearing. R. 10.

On August 24, 2010, the Appeals Council denied plaintiff's request for review. This action followed.

### III. DISCUSSION

In reviewing a final decision by the Commissioner under 42 U.S.C. § 405, the Court must examine the administrative record to ascertain whether the correct legal standards were applied and whether the decision is supported by substantial evidence. *See Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000); *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). "Substantial evidence

---

[1]Title 29 C.F.R. § 404.115 contains a table for determining how many quarters of coverage are necessary to be fully insured for retirement insurances purposes. The Commissioner asserts that based on his age plaintiff needed 40 quarters of coverage.

2

means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Curry v. Apfel*, 209 F.3d 117, 122 (2d Cir. 2000) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted)).

The Commissioner asserts that remand is required because the ALJ erroneously found, under res judicata, that the denial of plaintiff's application for disability benefits barred review of plaintiff's application for retirement insurance benefits. The regulations authorize an ALJ to dismiss a hearing request entirely when: "The doctrine of res judicata applies in that we have made a previous determination or decision under this subpart about your rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action . . . ." 20 C.F.R. § 404.957(c)(1).

In this case, as the Commissioner acknowledges, plaintiff seeks *retirement* insurance benefits. The determination on which the ALJ relied to find that res judicata applied, however, concerned plaintiff's application for *disability* insurance and supplemental security income benefits. Thus, the facts and issues are different and res judicata does not apply. Accordingly, remand is required.

The Commissioner requests that the Court remand this matter for further development of the record, not for a calculation of benefits, so that the ALJ can "offer Plaintiff the opportunity for a hearing". Dkt. No. 18-1, p.5. "'Where there are gaps in the administrative record or the ALJ has applied an improper legal standard, we have, on numerous occasions, remanded to the [Commissioner] for further development of the evidence.'" *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996) (quoting *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir.1980)) (alteration in original). In contrast, where there is "no apparent basis to conclude that a more complete record might support

the Commissioner's decision," the Court may "simply remand for a calculation of benefits." *Rosa v. Callahan*, 168 F.3d 72, 83 (2d Cir. 1999). In this case, it would be premature to remand for a calculation of retirement benefits when an administrative hearing has not yet been held. Accordingly, the Commissioner's motion to remand this matter for further development of the record is granted.

## IV. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the Commissioner's Motion for Remand (Dkt. No. 18) is Granted; and it is further

**ORDERED** that the Commissioner's final decision is Reversed; and it is further

**ORDERED** that this case is Remanded for an administrative hearing and further development of the record; and it is further

**ORDERED** that the Clerk of the Court enter judgment for Plaintiff and close this case.

**IT IS SO ORDERED.**

Date:   August 20, 2012

Honorable Norman A. Mordue
U.S. District Judge